UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James H. Davis, #312333, | C/A No. 4:13-1500-RBH-TER |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Donald Decker; Julie Decker; Horry County Sheriff's Dept.; and Myrtle Beach Police Dept., | |
| Defendants. | |

James H. Davis ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner housed at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) D.S.C., the assigned Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the District Judge dismiss the complaint for failure to state a claim and deny the motion for preliminary injunction.

## BACKGROUND

Plaintiff files this civil rights action against his former landlords, Donald and Julie Decker, ("Deckers") for unlawful possession of Plaintiff's assets. Plaintiff also sues the Horry County Sheriff's Department and Myrtle Beach Police Department in response to each department's investigation of the alleged unlawful possession by the Deckers of Plaintiff's assets from his rented residence in Myrtle Beach. Plaintiff alleges that in July of 2011 he paid the landlords, in advance, a deposit equal to rent and rent for August. He was arrested in Charleston on August 1, 2011, and alleges that although he made arrangements to have his assets removed from the leased space, the

Deckers refused to allow the removal.

When Plaintiff was released from jail on October 27, 2011, he sought information about his assets first at his landlord's residence, and then at the Deckers' business. At the business Plaintiff saw several small appliances, computer accessories, and other items displayed for sale, which he believes were his possessions. Plaintiff asserts that when he questioned the Deckers at their business, they threatened to have him arrested, so he left. In November of 2011, Plaintiff filed an incident report with the Horry County Sheriff's Department about the theft of his possessions, which resulted in a law enforcement officer informing Plaintiff his possessions were donated by his landlords, the Deckers, and the investigation was closed. In February 2012, he had someone purchase one of his possessions from the Deckers' business and reported the purchase to the Myrtle Beach Police Department with alleged proof of Plaintiff's prior ownership of the item. The investigating officer informed Plaintiff that no arrest would be made and no further investigation would be made. *See* Complaint, ECF No. 1 at 5-11.

Plaintiff sues the law enforcement departments for failure to properly investigate, negligence, a pattern of deliberate indifference, and dereliction of duty, thereby denying him due process. *Id.* at 14. He sues the Deckers for violation of South Carolina landlord tenant law, as well as criminal laws. *Id.* at 5. He seeks the Deckers' arrest and conviction, with restitution, along with a permanent injunction prohibiting the Deckers from being landlords. *Id.* at 15. He also seeks termination of employment for the unidentified law enforcement officers involved in the investigations, as well as monetary damages against all defendants. *Id.*

**STANDARD OF REVIEW**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant

to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) (B), as well as 28 U.S.C. § 1915A(b), for failure to state a claim.

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687,

707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Federal Claims**

The factual allegations of the complaint do not present a plausible claim for violation of a federal right, as required by § 1983. Plaintiff alleges failure to properly investigate, negligence, a pattern of deliberate indifference, and dereliction of duty, thereby denying him due process. ECF No. 1, p. 14. The complaint asserts violation of due process, but the facts presented do not establish the denial of due process or any other constitutional right or federal law. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual assertions, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Only the complaint's factual allegations, not its legal conclusions, are accepted as true. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's due process claim is based on his disagreement with the outcome of law enforcement's investigation of his claims of conversion[1] of his possessions by his former landlord, the Deckers. ECF No. 1 at 14. To prevail on either a procedural or substantive due process claim pursuant to the Fourteenth Amendment, Plaintiff must first demonstrate that he was deprived of life,

---

[1] Under South Carolina law, conversion is "the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights." *Moseley v. Oswald*, 376 S.C. 251, 656 S.E.2d 380, 382 (S.C. 2008).

liberty, or property by governmental action. *Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir.1996); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 826-27 (4th Cir.1995). Plaintiff asserts the municipal law enforcement defendants deprived him of a proper police investigation of his allegations concerning wrongful possession of his property by the Deckers. Plaintiff does not have a constitutional right to have police conduct an investigation or to have a specific outcome from a law enforcement investigation. Further, Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) ( applying *Linda R.S. v. Richard D.* and collecting cases). Although the complaint claims deprivation of personal property, Plaintiff's claims concerning the wrongful taking of his property are not directed at the governmental law enforcement defendants. Additionally, the Deckers are not identified as persons acting under the color of state law, and private actions by private individuals cannot establish liability under 42 U.S.C. § 1983. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Plaintiff's factual allegations do not support his claims for denial of a federal right and so, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

**State Claims**

The complaint raises claims against the Deckers that are based in state law rather than federal law. The appropriate forum to litigate state law claims is state court rather than this court. "Landlord-tenant law is traditionally the province of the states." *Joy v. Daniels*, 479 F.2d 1236, 1243

5

(4th Cir. 1973). Absent diversity jurisdiction[2], claims based on state law can only be considered in federal court through the exercise of pendent, also known as supplemental, jurisdiction. Under pendent jurisdiction, federal courts have authority to decide related state law claims that are part of the federal case or controversy which provides federal jurisdiction. 28 U.S.C. § 1367(a). A federal court, however, is permitted to decline supplemental jurisdiction when " the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The complaint in this case fails to state a federal claim under 42 U.S.C. § 1983, and therefore this court should decline to consider only the state law claims in the complaint.

**"Financial Restraining Order"**

Plaintiff also filed a Motion for Financial Restraining Order against the Deckers, which essentially seeks to have their assets frozen while the case is pending. ECF No. 3. Because this case should be dismissed as set forth above, this motion should be denied as moot.[3]

**RECOMMENDATION**

Based on the foregoing, it is recommended that the district judge deny the Motion for Financial Restraining Order (ECF No. 3) as moot and dismiss the case *without prejudice* for failure to state a claim on which relief may be granted.

---

[2] Diversity jurisdiction, which allows state law claims to be considered in federal court, is established where diversity of citizenship exists and the amount in controversy is over $75,000. 28 U.S.C. § 1332. Diversity jurisdiction does not exist in this case because Plaintiff and all the defendants are South Carolina residents.

[3] In the event the district judge does not agree that this issue is moot, Plaintiff fails to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

s/Thomas E. Rogers, III
                                                                    Thomas E. Rogers, III
                                                                    United States Magistrate Judge

October 1, 2013
Florence, South Carolina


**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).